IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

PHILLIP SOWASH, )
)
Plaintiff, )
)
v. ) Civil Action No. 10-30
)
MICHAEL J. ASTRUE, )
COMMISSIONER OF )
SOCIAL SECURITY, )
)
Defendant. )

MEMORANDUM JUDGMENT ORDER

AND NOW, this 23rd day of March, 2011, upon due consideration of the parties' cross-motions for summary judgment pursuant to plaintiff's request for review of the decision of the Commissioner of Social Security ("Commissioner") denying plaintiff's application for disability insurance benefits under Title II of the Social Security Act ("Act"), IT IS ORDERED that the Commissioner's motion for summary judgment (Document No. 10) be, and the same hereby is, granted and plaintiff's motion for summary judgment (Document No. 8) be, and the same hereby is, denied.

As the factfinder, an Administrative Law Judge ("ALJ") has an obligation to weigh all of the facts and evidence of record and may reject or discount any evidence if the ALJ explains the reasons for doing so. Plummer v. Apfel, 186 F.3d 422, 429 (3d Cir. 1999). Where the ALJ's findings of fact are supported by substantial evidence, a reviewing court is bound by those

findings, even if it would have decided the factual inquiry differently. Fargnoli v. Massanari, 247 F.3d 34, 38 (3d Cir. 2001). These well-established principles preclude a reversal or remand of the ALJ's decision here because the record contains substantial evidence to support the ALJ's findings and conclusions.

Plaintiff protectively filed his application for benefits on August 21, 2007, alleging a disability onset date of April 13, 2007, due to diabetes mellitus. Plaintiff's application was denied initially. At plaintiff's request, an ALJ held a hearing on August 11, 2009, at which plaintiff, represented by counsel, appeared and testified. On August 21, 2009, the ALJ issued a decision finding that plaintiff is not disabled. On December 15, 2009, the Appeals Council denied review making the ALJ's decision the final decision of the Commissioner.

Plaintiff was 61 years old at the time of the ALJ's decision and is classified as a person closely approaching retirement age under the regulations. 20 C.F.R. §404.1563(e). Plaintiff has a high school education. He has past relevant work experience as, inter alia, a press operator/assembler, but has not engaged in any substantial gainful activity since his alleged onset date. The ALJ also found that plaintiff met the disability insured status requirements of the Act on his alleged onset date and that he has acquired sufficient coverage to remain insured through December 31, 2012.

AO 72
(Rev. 8/82)

- 2 -

After reviewing plaintiff's medical records and hearing testimony from plaintiff and a vocational expert, the ALJ concluded that plaintiff is not disabled within the meaning of the Act. The ALJ found that although the medical evidence establishes that plaintiff suffers from the severe impairment of adult onset diabetes mellitus, that impairment does not meet or equal the criteria of any impairment listed at Appendix 1 of 20 C.F.R., Part 404, Subpart P.

The ALJ also found that plaintiff retains the residual functional capacity to engage in the full range of light work. Relying on the testimony of a vocational expert, the ALJ concluded that plaintiff is capable of performing his past relevant work of press operator/assembler in light of his residual functional capacity. Accordingly, the ALJ determined that plaintiff is not disabled within the meaning of the Act.

The Act defines "disability" as the inability to engage in substantial gainful activity by reason of a physical or mental impairment which can be expected to last for a continuous period of at least twelve months. 42 U.S.C. §423(d)(1)(A). The impairment or impairments must be so severe that the claimant "is not only unable to do his previous work but cannot, considering his age, education and work experience, engage in any other kind of substantial gainful work which exists in the national economy ...." 42 U.S.C. §423(d)(2)(A).

The Commissioner has promulgated regulations incorporating a five-step sequential evaluation process for determining whether a

claimant is under a disability.[1] 20 C.F.R. §404.1520; Newell v. Commissioner of Social Security, 347 F.3d 541, 545 (3d Cir. 2003). If the claimant is found disabled or not disabled at any step, the claim need not be reviewed further. Id.; see Barnhart v. Thomas, 124 S.Ct. 376 (2003).

Here, plaintiff challenges the ALJ's finding of not disabled at step 4 of the process. Specifically, plaintiff contends that: (1) the ALJ erred in assessing plaintiff's residual functional capacity; (2) the ALJ erred in evaluating the medical evidence; and, (3) the ALJ failed to account for all of plaintiff's limitations in a hypothetical to the vocational expert. Upon review, the court is satisfied that the ALJ properly evaluated the evidence and that all of the ALJ's findings are supported by substantial evidence.

At step 4, the ALJ is required to consider whether the claimant retains the residual functional capacity to perform his past relevant work. 20 C.F.R. §404.1520(e). Residual functional capacity is defined as that which an individual still is able to do despite the limitations caused by her impairments. 20 C.F.R. §404.1545(a); Fargnoli, 247 F.3d at 40. In assessing a claimant's

---

[1] The ALJ must determine in sequence: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether he has a severe impairment; (3) if so, whether his impairment meets or equals the criteria listed in 20 C.F.R. Part 404, Subpart P, Appendix 1; (4) if not, whether the claimant's impairment prevents him from performing his past-relevant work; and (5) if so, whether the claimant can perform any other work which exists in the national economy, in light of his age, education, work experience, and residual functional capacity. 20 C.F.R. §404.1520. See also Newell, 347 F.3d at 545-46.

residual functional capacity, the ALJ is required to consider the claimant's ability to meet certain demands of jobs, such as physical demands, mental demands, sensory requirements and other functions. 20 C.F.R. §404.1545(a).

Here, the ALJ found that plaintiff retains the residual functional capacity to perform the full range of light work activity. (R. 13-15). In making this finding, the ALJ considered all of the relevant evidence, both medical and non-medical, including plaintiff's activities of daily living, and adequately explained his finding in the decision. (R. 13-15).

Plaintiff, however, contends that the ALJ's finding is contrary to the opinions of two treating sources, Dr. Mahmoud and Dr. Mills, both of whom suggested plaintiff was "temporarily disabled" on Pennsylvania Department of Public Welfare forms. (R. 272; 274). Dr. Mahmoud also reported that plaintiff is limited to a reduced range of sedentary work. (R. 370-74). Plaintiff argues that the ALJ erred in not giving these opinions controlling weight and instead in giving greater weight to the opinion of a non-examining state agency consultant. Upon review, the court is satisfied that the ALJ's evaluation of the medical evidence is supported by substantial evidence.

Under the Social Security Regulations and the law of this circuit, opinions of treating physicians are entitled to substantial, and at times even controlling, weight. 20 C.F.R. §404.1527(d)(2); <u>Fargnoli</u>, 247 F.3d at 33. Where a treating physician's opinion on the nature and severity of an impairment is

AO 72
(Rev. 8/82)

well supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with other substantial evidence in the record, it will be given controlling weight. Id. However, when a treating source's opinion is not entitled to controlling weight, it is evaluated and weighed under the same standards applied to all other medical opinions, taking into account numerous factors including the opinion's supportability, consistency and specialization. 20 C.F.R. §404.1527(d).

Here, the ALJ adhered to the foregoing standards in evaluating the medical evidence and the court finds no error in the ALJ's conclusions. The ALJ expressly addressed the opinions of both Dr. Mahmoud and Dr. Mills that plaintiff is disabled, or that he is limited to less than sedentary work, and explained why he gave those opinions little weight. (R.15). Specifically, the ALJ noted that neither of these opinions are consistent with the objective findings, including their own examination findings, nor with the opinions of other treating and reviewing sources or with plaintiff's own activities of daily living. (Id.)

The record clearly supports the ALJ's rejection of the findings of "temporary disability" from Dr. Mahmoud and Dr. Mills. First, disability under the Act requires the inability to engage in substantial gainful activity by reason of an impairment "which can be expected to last for a continuous period of at least twelve months," (42 U.S.C. §1382c(a)(3)(A)(emphasis added)), not for a "temporary" period of time.

AO 72
(Rev. 8/82)

Second, both Dr. Mahmoud and Dr. Mills rendered their opinions of "temporarily disabled" on state welfare employability forms. However, the Commissioner is to make disability determinations based on social security law and therefore an opinion from a treating source that an individual is disabled based on state welfare rules is not binding on the issue of disability under different social security regulations. See 20 C.F.R. §404.1504. Likewise, the determination of the Veterans Administration that plaintiff is "20% disabled" is of no special significance to the ALJ's determination of disability under social security law.

Finally, and perhaps most significantly, the opinion of a physician, treating or otherwise, on the issue of what an individual's residual functional capacity is or on the ultimate determination of disability never is entitled to special significance. 20 C.F.R. §404.1527(e); SSR 96-5p.

The ALJ also properly rejected the unsubstantiated limitations found by Dr. Mahmoud in a physical evaluation form dated July 13, 2009.[2] Based upon his review of the <u>entire</u> record, the ALJ concluded that plaintiff's impairments, while severe, do not preclude him from performing anything but less than sedentary

---

[2] As noted by the ALJ, Dr. Mills did not complete a residual functional capacity assessment of plaintiff's ability to perform work-related activities and set forth no explanation to support his conclusion that plaintiff is disabled, even temporarily. Moreover, the court notes that Dr. Mills' unsupported opinion that plaintiff was disabled on a state welfare form was rendered less than 5 months after he had reported in his own office notes that plaintiff could return to work. (R. 219)

work as suggested by Dr. Mahmoud. As explained by the ALJ, those limitations are not supported by the objective medical evidence, including Dr. Mahmoud's own observations and clinical findings, or by the evaluation of the evidence by the state agency medical consultant,[3] who opined plaintiff could perform medium work activity. (R. 28).

The ALJ did a thorough job in addressing the relevant medical evidence and explaining why he gave little weight to the opinions of Dr. Mahmoud and Dr. Mills. Because those opinions are inconsistent with other substantial evidence in the record, including the objective medical findings and plaintiff's own daily activities, those opinions were not entitled to controlling weight. The court has reviewed the ALJ's decision and the record as a whole and is convinced that the ALJ's evaluation of the medical evidence, and resultant residual functional capacity finding, are supported by substantial evidence.

Plaintiff next argues that the ALJ erroneously relied upon the vocational expert's response to a hypothetical which did not take into account all of plaintiff's impairments and limitations.

---

[3] Pursuant to the Regulations, state agency consultants are "highly qualified ... experts in Social Security disability evaluation." 20 C.F.R. §404.1527(f)(2)(i). Accordingly, while not bound by findings made by reviewing physicians, the ALJ is to consider those findings as opinion evidence, and is to evaluate them under the same standards as all other medical opinion evidence. 20 C.F.R. §404.1527(f)(2)(ii); SSR 96-6p. The ALJ did so here and determined that the state agency physician's opinion was entitled to some weight, although he did give plaintiff the benefit of the doubt that he could perform only light work activity.

Specifically, he contends that the ALJ failed to consider plaintiff's transient ischemic attacks in assessing plaintiff's residual functional capacity and failed to incorporate into his hypothetical to the vocational expert the limitations set forth by Dr. Mahmoud in his residual functional capacity assessment.

Although the record does contain evidence that plaintiff was diagnosed with <u>transient</u> ischemic attacks and chest pain by Dr. Kondaveeti and Dr. Mills, (R. 234; 274), Dr. Kondaveeti also reported that plaintiff did not have any clinical symptoms, physical examination findings or laboratory data indicating ischemic heart disease (R. 229) and an EKG and chest x-rays from August of 2007 showed no abnormalities or cardiopulmonary disease. (R. 220; 250-51; 255). In addition, no medical source opined that plaintiff has any functional limitations arising from his transient ischemic attacks and chest pain, and it is well settled that disability is not determined merely by the presence of impairments, but by the effect that those impairments have upon an individual's ability to perform substantial gainful activity. <u>Jones v. Sullivan</u>, 954 F.2d 125, 129 (3d Cir. 1991).

As to the strict limitations advanced by Dr. Mahmoud in his residual functional capacity assessment, as already discussed the additional limitations suggested by Dr. Mahmoud are not supported by the medical evidence of record. As a hypothetical to the vocational expert must reflect all of the claimant's impairments and limitations supported by the record, <u>Podedworny v. Harris</u>, 745 F.2d 210 (3d Cir. 1984), the ALJ did not err in rejecting a

AO 72
(Rev. 8/82)

response to a hypothetical incorporating limitations not supported by the medical evidence. See Jones v. Barnhart, 364 F.3d 501, 506 (3d Cir. 2004) (ALJ has authority to disregard vocational expert's response to hypothetical inconsistent with evidence). Instead, the ALJ properly relied upon the testimony of the vocational expert in response to a hypothetical which did account for all of plaintiff's impairments and did incorporate all limitations actually supported by the record, and the vocational expert's testimony in response to that hypothetical constitutes substantial evidence supporting the ALJ's step 4 finding.[4]

After carefully and methodically considering all of the medical evidence of record and plaintiff's testimony, the ALJ determined that plaintiff is not disabled within the meaning of the Act. The ALJ's findings and conclusions are supported by substantial evidence and are not otherwise erroneous. Accordingly, the decision of the Commissioner must be affirmed.

/s/ Gustave Diamond
Gustave Diamond
United States District Judge

---

[4] Plaintiff's contention that he would be disabled as a matter of law under the Medical-Vocational Guidelines ("grids") if the ALJ had proceeded to step 5 is without merit. As noted above, if a claimant is found not disabled at any step, the claim need not be reviewed further. Newell, 347 F.3d at 545; Barnhart v. Thomas, 124 S.Ct. 376 (2003). Here, relying upon the testimony of the vocational expert, the ALJ found that plaintiff retains the residual functional capacity to perform his past relevant work and concluded at step 4 that plaintiff is not disabled. Accordingly, there was no need to proceed to step 5 and the grids do not apply. See 20 C.F.R. Part 404, Subpart P, Appendix 2.

cc: E. David Harr, Esq.
    203 South Main Street
    Greensburg, PA 15601

    Jessica Smolar
    Assistant United States Attorney
    700 Grant Street
    Suite 4000
    Pittsburgh, PA 15219